UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 06-cr-20172

v                                         Honorable Thomas L. Ludington

D-6 PHILLIP GIANFORTUNA,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO CORRECT CLERICAL ERROR**

On May 20, 2008, Defendant Phillip Gianfortuna pleaded guilty to Count 1 of the Fourth Superseding Indictment, which charged him with cocaine and marijuana trafficking conspiracy involving 5 kilograms or more of cocaine or 100 kilograms or more of marijuana. ECF No. 206. On September 8, 2008, he was sentenced to a term of 140 months' imprisonment.

On July 29, 2014, Gianfortuna filed a *pro se* motion to correct alleged clerical errors in his Presentence Report ("PSR") pursuant to Criminal Rule of Federal Procedure 36. Gianfortuna contends that the PSR contains two errors that resulted in the imposition of a harsher sentence. Because neither of these alleged errors are "clerical errors" within the meaning of Rule 36, this Court lacks jurisdiction to correct them. Therefore, Gianfortuna's motion will be denied.

I

Rule 36 permits a court to correct a clerical error at any time: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Civ. P. 36.

The Sixth Circuit has clarified that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quoting *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000). Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court. *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995) (Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself.").

A

Gianfortuna first challenges an alleged error in his PSR regarding his conviction for failure to pay child support. Gianfortuna contends that, although he served only 27 days for that conviction, the PSR states that he served 30 days. This discrepancy, he continues, is important because the conviction for failure to pay child support is only scoreable if he served at least 30 days in prison for it.

Assuming for the moment that Gianfortuna's allegations are true[1] and that the PSR incorrectly states that he served 30 days for his failure to pay child support, this is not a "clerical

---

[1]   In his brief, Gianfortuna states that he is quoting language from the PSR when he refers to the statement: "the conviction under 4A1.2(C) are satisfied because there was a 90 day term and in fact the PreSentence Report indicates that the defendant served more than 30 days on it." Br. at 5. Contrary to Gianfortuna's assertion, this language does not appear anywhere in the PSR. Instead, the PSR states that "Per 41.2(c)(1), contempt of court is not scoreable unless they receive probation of more than one year or a term of imprisonment of at least 30 days. In this case, the custody sentences were 30 days or more." Thus, the PSR makes clear that Gianfortuna was sentenced to a 30 days' imprisonment, but does not reach a conclusion on whether he actually served all 30 days.
    Indeed, the language Gianfortuna cites appears to be from the transcript of his sentencing hearing. The language at issue was spoken by the prosecuting attorney—not the Court and not the PSR. No court has ever held that Rule 36 permits the "correction" of a statement made by an attorney. Moreover, the case relied on by Gianfortuna, *United States v. Mackay*, is inapposite because Gianfortuna is attempting to correct the trial transcript. In *Mackay*, the Fifth Circuit permitted the correction of the PSR—not the correction of a sentencing transcript. 757 F.3d 195, 200 (5th Cir. 2014).

error" encompassed by Rule 36. A dispute regarding the details of a prior conviction used in calculating a sentence is not an error of recitation.

For example, in *United States v. Hall*, a criminal defendant sought to correct allegedly false information in his PSR regarding a past conviction. 2008 WL 924529, at *1 (S.D. Ohio Apr. 2, 2008). Although the defendant did not dispute the conviction, he argued that the details of the conviction were inaccurate. *Id.* Moreover, he contended that these inaccuracies resulted in a harsher sentence. *Id.* The court held that the correction requested by the defendant was not the result of a clerical error, "but rather factual dispute underlying a past criminal conviction." *Id.* at *2. Thus, the court concluded that it lacked jurisdiction to amend the defendants PSR pursuant to Rule 36. *Id.*

Here, like the defendant in *Hall*, Gianfortuna is disputing the factual information contained in the PSR that he alleges resulted in a harsher sentence. The Court thus lacks the jurisdiction to amend Gianfortuna's PSR.

Moreover, even if the Court could correct the alleged error in the PSR, it does not have the authority to alter Gianfortuna's sentence. Rule 36 is an inappropriate vehicle to request a reduction in a sentence for substantive reasons. *United States v. Acosta*, 2007 WL 1451996, at *1 (E.D. Ky. May 14, 2007). Indeed, such a request for a change to his substantive sentence is construed as a successive § 2255 motion over which this Court has no jurisdiction. *United States v. Naumann*, 2014 WL 4385886, at *2 (W.D. Tex. Sept. 4, 2014).

**B**

Gianfortuna next contends that the Court erred when, during his sentencing hearing, it stated that "The sentence [to be imposed] in this case is largely driven by the fact that the gentleman lies here with at least one prior gun felony conviction." Sentencing Tr. 10, ECF No.

246. He contends that, contrary to the Court's statement, he does not have a prior gun felony conviction, and that this error resulted in a harsher sentence. Indeed, the PSR does not reveal any prior conviction for a firearm felony.

Rule 36 is a vehicle for correcting clerical mistakes, but it may not be used to correct errors made by the court itself. *United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003). For example, in *United States v. Guevremont*, the district court attempted to use Rule 36 to correct an error it made when imposing a sentence. 829 F.2d 423, 424 (3rd Cir. 1987). The Third Circuit held that because the "errors were made in the oral order itself, they arose from an oversight or omission by the court, rather than through a clerical mistake, and thus are not within the purview of Rule 36." *Id.* at 426; *see also United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993).

Thus, although the Court appears to have made a factual error regarding whether Gianfortuna had been convicted of a prior firearm felony,[2] this is not an error that may be corrected pursuant to Rule 36. "[T]he district court has no discretionary authority under Rule 36 to correct its own errors in imposing an otherwise valid sentence . . . ." *United States v. Dickie*, 752 F.2d 1398, 1400 (9th Cir. 1985); *see also United States v. Rickman*, 2010 WL 529441, at *2 (S.D. Ill. Feb. 10, 2010) (A party "cannot use Rule 36 to correct a judgment if, as it insists, the Court made a mistake when imposing sentence and the Clerk accurately transcribed what was imposed.").

Furthermore, even if the Court had the authority to correct the alleged judicial error, "Rule 36 may not be used to correct judicial errors in sentencing and its provisions do not permit a substantive change in the period of incarceration which the defendant must serve." *Pacheco v. United States*, 2011 WL 5515509, at *2 (N.D. Cal. Nov. 10, 2011) *aff'd*, 474 F. App'x 529 (9th

---

[2] Again, this was a statement made by the Court during Gianfortuna's sentencing hearing. To the extent that Gianfortuna would like to "correct" the transcript, Rule 36 does not authorize correction when the clerk accurately records the statements made at the hearing.

- 5 -

Cir. 2012). Rather, the appropriate vehicle is through a § 2255 petition for habeas corpus. *Rickman*, 2010 WL 529441, at *2. Thus, Rule 36 does not authorize any change in Gianfortuna's sentence.

**II**

Accordingly, it is **ORDERED** that Gianfortuna's Motion to Correct Clerical Mistakes in the PSR (ECF No. 531) is **DENIED**.

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: September 15, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Phillip Gianfortuna Pris. No. 26367-039 at P.O. Box 350, Beaver, WV 25813 by first class U.S. mail on September 15, 2014.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS